# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green  
Richard D. Willstatter

(914) 948-5656  
Fax (914) 948-8730

e-mail: willstatter@msn.com

July 13, 2020

Hon. Arlene R. Lindsay  
United States Magistrate Judge  
United States District Court  
100 Federal Plaza  
Central Islip, New York 11722

Re: *United States v. Cabasso, et al.*
19 CR 582 (DRH)

Dear Judge Lindsay:

Please accept this letter as the defendants' reply to the government's July 10, 2020 opposition (Dkt. 133) to their July 2, 2020 motion to compel (Dkt. 130).[1]

The government says that it "made available" its 5GB of material on June 24, 2020 (the "second production"). Dkt. 133 at 2. In fact, this data was received on July 8, 2020, apparently having been sent to out us on July 6, 2020. The government claims it "made available" a third production on July 2, 2020. *Id.* However, since March 2020, when the defendants learned the government intended to produce data in a format consisting of TIFF images with "load files" ("TIFF") suitable for use with expensive data review platforms, *i.e.*, Relativity and Concordance, the defense has been seeking the documents in a stand alone free format called IPRO Eclipse Publisher ("IPRO"). Notably, the government's July 2, 2020 letter (Dkt. 131) states that it was "enclos[ing]" this third production consisting of "load files containing native, text and TIFF files" – but nothing was enclosed. The government has not yet produced this third production in IPRO format and, instead, has said it sent the data in TIFF to its vendor. The TIFF production is useless to us, because we do not have the resources to buy the programs needed to review it. Although the government predicted the third production would be ready approximately one week after July 2, 2020, it has not been "made available" to the defendants in IPRO.

Contrary to the government's argument, the defendants are not seeking an order directing the government to "sign a contract with a different discovery vendor" in place of its vendor, Dupe Coop. Dkt. 133 at 2. Instead, the defendants seek an order directing the government to send the discovery to a vendor the defendants themselves selected in compliance with the May 29, 2020 Protective Order. Far from the government's denigration

---

[1] Wayne Marino does not join in this motion.

of our motion as "glib," it represents a fair implementation of the ESI Protocols which the government acknowledges apply here. Dkt. 133 at 4. See *United States v. Montague*, No. 14-CR-6136-FPG-JWF, 2016 U.S. Dist. LEXIS 197199, at *10 (W.D.N.Y. May 17, 2016)("This Court expects all counsel to be familiar with and comply with these ESI protocols.")

The government's argument that there should be a single point of contact to accept the ESI discovery is consistent with our proposal. Because the government insists we pay for the copying of the data as well as the media itself, we should be permitted to select that single point of contact. The government continues to insist that the defendants' pay its vendor, Dupe Coop, for a copy of the data, yet they concede we may then use Acro Photo Print to make further copies for counsel and their clients. Dkt. 134 at 5. Left unexplained is why the data the government is sending to its vendor cannot be transmitted to Acro Photo Print instead. It is undisputed that our vendor will agree in writing to comply with the Protective Order.

      Very truly yours,

       /s/ Richard Willstatter
      RICHARD D. WILLSTATTER

       /s/  John Wallenstein
      JOHN S. WALLENSTEIN

      *Attorneys for Alan Schwartz*