UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X
UNITED STATES OF AMERICA,

    against.                                           19 CR 582 (DRH)(ARL)

AVENTURA TECHNOLOGIES, INC.,
Et al.,

    Defendants.
---------------------------------------X

**DEFENDANT, AVENTURA TECHNOLOGIES, INC.'S REPLY MEMORANDUM OF LAW TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR THE RELEASE OF SEIZED FUNDS FOR THE PREPARATION OF A DEFENSE FOR AVENTURA AND CO-DEFENDANT CORPORATE EMPLOYEES**

Defendant AVENTURA TECHNOLOGIES, INC., (herein referred to as "Aventura"), by and through its undersigned counsel, submits this Reply to the Government's response in opposition to Aventura's Motion For the Release of Seized Funds.

**MEMORANDUM OF LAW**

**I.    LEGAL STANDARD**

Pursuant to *Kaley v. United States,* 571 U.S. 320, 324 (2014), *Luis v. United States*, 136 S.Ct. 1083 (2016), and *Honeycutt v. United States*, 137 S.Ct. 1626 (2017), defendant Aventura is entitled to a hearing to determine of the funds seized by the government pre-conviction which are "tainted" by criminal conduct and which are "untainted" and to have the untainted funds returned immediately for use by the corporation for its legal defense. This is clearly defined Supreme Court caselaw and there is no dispute of the right to a hearing. Indeed, the government does not seek to distinguish *Kaley, Luis*, or *Honeycutt* in its memorandum from this unshakable principle. Therefore this Court should set a date for a

hearing at which the government should be required to produce evidence regarding "taint" as to each dollar seized. (See Aventura's original moving papers on this point.)

As the Supreme Court held in *Luis*:

> The question presented is "[w]hether the pretrial restraint of a criminal defendant's legitimate, untainted assets (those not traceable to a criminal offense) needed to retain counsel of choice violates the Fifth and Sixth Amendments." Pet. for Cert. ii. We see no reasonable way to interpret the relevant statutes to avoid answering this constitutional question. Cf. *Monsanto, supra,* at 614, 109 S.Ct. 2657. Hence, we answer it, and our answer is that the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment. The nature and importance of the constitutional right taken together with the nature of the assets lead us to this conclusion.

In *United States v. Daugerdas*, 892 F.3d 545 (2d Cir. 2018), the Court held that a criminal defendant has a Sixth Amendment right to use untainted funds for his legal defense and that he further had a right to due process to advance his claims as to the clean nature of particular funds. The Court held:

> Unlike civil forfeiture, which is an *in rem* action, "criminal forfeiture is an *in personam* action in which only the defendant's interest in the property may be forfeited." Fed. R. Crim. P. 32.2(b) advisory comm. notes (2000); *see also United States v. Lester*, 85 F.3d 1409, 1413 (9th Cir. 1996) ("[A] criminal forfeiture is an *in personam* judgment *against a person convicted of a crime* .") (emphasis in original). Section 853 nevertheless incorporates into criminal forfeiture proceedings aspects of an *in rem* proceeding against property tainted by the defendant's criminal conduct—including, as relevant here, against the proceeds of that offense—in order to effectuate Congress's intent that forfeiture proceedings be used "to recover all of the [defendant's] ill-gotten gains but not to seize legitimately acquired property." *United States v. Porcelli* , 865 F.2d 1352, 1365 (2d Cir. 1989). Under the "relation-back" doctrine of § 853(c), the government's interest in the proceeds of a fraud vests as soon as those proceeds come into existence, and is therefore superior to that of any subsequent third-party recipient of those funds (unless the third party is a bona fide purchaser for value).*See United States v. Kramer* , No. 1:06-cr-200, 2006 WL 3545026, at *4 (E.D.N.Y. Dec. 8, 2006).

*Daugerdas*, at 548.

Therefore, as the legal standard is clear, the Court should order a hearing on this issue.

## II.     ARGUMENT

The government in its opposition cites cases predating the legal standards set forth by the Supreme Court in *Kaley, Luis,* and *Honeycutt*. Although the Government concedes the right of Aventura and others similarly situated to a hearing on the issues presented, it incorrectly asserts in its opposition "The motion should be denied, and no hearing on the motion is warranted, because the defendant has failed to show that it lacks alternative, unrestrained assets with which to fund its defense." (See government opposition p. 1). *Kaley, Luis,* and *Honeycutt* do not require such a showing of relative indigency to trigger such a hearing, but instead are grounded in a right to Constitutional right to due process before untainted funds can be seized prior to a conviction. Nonetheless, both Aventura and the Cabassos currently lack the funds to pay for their own defense and thus *as a second and independent ground*, this Court should make the untainted funds available to Aventura for the payment of legal expenses. (See Affirmation of Samuel M. Braverman, Counsel for Aventura, attached as Exhibit A, with further attached exhibits.)

The government cites to *United States v. Bonventre,* 720 F.3d 126, 131 (2d Cir. 2013), *United States v. Monsanto*, 924 F.2d 1186 (2d Cir. 1991), *United States v. Fishenko,* No. 12 CV 626, 2014 WL 4804041, (E.D.N.Y. Sept. 25, 2014), *United States v., Unimex, Inc.*, 991 F.2d 546 (9th Cir. 1993), *United States v. Dupree*, 781 F. Supp.2d 115 (E.D.N.Y. 2011), and *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989), *Venkataram v. United States*, No. 06 Cr 102 2013 WL 6508819 (S.D.N.Y. Dec. 12, 2013), *United States v. Martinez*, No. 11 Cr 445 WL 4949873 (2011), *United States v. Amiel*, 995 F.2d 367 (2d Cir. 1993), and *United States v. Egan*, No. 10 Cr 191 WL 3000000 (2010),  <u>none of which are decided subsequent to Kaley, Luis, or Honeycutt, and are therefore unpersuasive on this issue</u>. Each of the government's cited cases have as a core legal principle something that was either modified or

outright overruled by *Kaley, Luis,* and *Honeycutt.* The restrictions proffered by the government on the right of Aventura to have a hearing on this issue are simply not the law anymore.

When the government does cite to a current case, that case supports Aventura's demand for a hearing on this issue. (*See*, e.g., *United States v. Funds in the amount of $130,000 United States Currency*, No. 19 Cv 3440, 2021 WL 2433733, at *5 (N.D.Ill. June 15, 2021)("Only the corporate entity, and not its shareholders or employees, has statutory standing to contest the forfeiture.") (Government September 20, 2021 letter, p. 6).

Further, in its papers, the government relies on the *Bonventre* decision to incorrectly suggest once a hearing is ordered, case law demands that Aventura's burden of showing insufficient unrestrained assets is high, however a reading of *Bonventre* decision reveals otherwise. The *Bonventre* court's language suggests the showing is a 'minimal barrier' necessary to contest the government's retention of a defendant's funds. The *Bonventre* court actually held:

> The importance of the right at issue—to fund one's criminal defense with counsel of choice—***counsels in favor of a minimal barrier to contest the restraint of needed monies.*** Accordingly, ***we hold that all a defendant need do to*** trigger a Monsanto or Monsanto-like hearing is to demonstrate that he or she does not have sufficient alternative assets to fund counsel of choice. This requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice. ***We do not believe that the defendant must make a formal prima facie showing that the funds were illegitimately restrained,*** see *Jones, 160 F.3d at 647,* beyond providing a basis for bringing a motion for a Monsanto or Monsanto-like hearing in the moving papers.

*Bonaventre, supra.* at 131. [Emphasis added]

The low threshold set in *Bonaventre* is made even more clear when the court continued "If the basis for a defendant's motion is not frivolous, however, this ***low threshold requirement*** will not operate to bar him from using restrained assets to fund his defense. *Id.* at 131. [Emphasis added]

Aventura alleges it is without sufficient assets to 'fund counsel of its choice'. In support of Aventura's lack of assets to employ counsel in this case it submits the affirmation of Samuel M. Braverman, Esq., counsel for Aventura showing that all of the assets of Aventura have been seized by the Government leaving Aventura with no alternative assets with which to fund its defense.[1] (See Affirmation of Samuel M. Braverman attached as Exhibit A).

The government's reliance on *United States v. Fishenko,* No. 12 CV 626, 2014 WL 4804041, (E.D.N.Y. Sept. 25, 2014) as requiring a greater showing of indigency than provided here is misplaced and the Court is reminded that it is the government that is holding the documents which prevent Aventura from making any further showing of insufficient assets beyond its empty bank accounts and frustrated attempts to collect legitimate debts owed.

The government also incorrectly argues that while Aventura may have some right to counsel of its choice for its own defense, is not obligated to fund counsel for its co-defendant employees named in this Indictment as there is no extant bylaw which supports such disbursement. The government bases this argument on its review of Aventura's outdated and subsequently revised corporate bylaws dated December 12, 2000, which it has attached to its pposition as Exhibit A. In fact, on or about July 28, 2010, Aventura, amended its corporate By Laws by a resolution which provided that Aventura shall provide for the legal fees of its employees. [Affirmation of Samuel M. Braverman] Once again, Aventura is unable to support this statement other than the affirmation of counsel for Aventura as the government is in possession of this corporate resolution as well as all other corporate records and computers. But even if Aventura is unable to produce this amendment to the bylaws, by the laws of the State of

---

[1] Aventura is unable to further document the assertions here as virtually all of Aventura's business records and computers have been seized by the government leaving Aventura with no ability to document the assertions herein but for affirmation of counsel attached hereto. The government will make a production of documents, expected to exceed 100,000 pages, on or about January 28, 2022. These may contain additional documents which would further support Aventura's claims, and if such documents are found in this production, Aventura will supply them to the Court.

5

Delaware (where Aventura is incorporated), it is free to spend its assets in any lawful manner consistent with its articles of incorporation and the law of Delaware. (See

Furthermore, the equities favor disbursement to Aventura of funds for its legal defense. As is also set out and alleged in Aventura's motion, Aventura currently has substantial accounts receivables due from its customers, all of which funds are untainted and not property derived from or involved in any offense alleged in the Indictment and thus not subject to forfeiture under 8 U.S.C. § 981(a)(1)(C). Such receivables would have been paid to Aventura by its several customers but for the government's wrongful interference blocking such collections by improperly contacting customers and specifically advising them not to pay Aventura the money owed them. Two specific examples of this conduct are as follows:

1. **<u>The Trimble, Inc. Receivables:</u>** Trimble, Inc. owes Aventura approximately $250,000.00 for services rendered that are wholly unconnected with any allegations of criminal conduct alleged in the Indictment and thus all of such funds would be untainted and non-forfeitable under any applicable statute. Following the issuance of the Indictment in this case, agents of the government contacted the Aventura's customers, including Trimble, Inc. Matthew Schwartz, Esq. of Boies Schiller and Flexner, attorneys for Trimble, Inc. confirmed, that on or about, December 16, 2019 and again on December 20, 2019, agents of the government specifically advised Trimble not to pay its invoices owed to Aventura and to 'stop payment' on the several checks it had just recently issued for payment of Aventura's invoices. Schwartz advised Aventura counsel James Branden and Samuel Braverman that the "only" reason it was not paying Aventura's invoices is because it was instructed to do so by the Government and would continue to follow such guidance.

Aventura's legal counsel, James Branden, Esq., received a letter from the law firm of Boies Schiller and Flexner, attorneys for Trimble, Inc. stating: "Please be advised that following

the filing of criminal charges against your client, *Trimble was advised to stop payment on the outstanding checks by federal authorities*. Trimble followed, and intends to continue following, the guidance of those authorities. Should you have any questions, you should speak to the Government in the first instance." [Emphasis added] [See letter attached as Exhibit C].

But for the government's wrongful conduct in this regard, such monies would have been paid to Aventura and could have been the source of funds from which Aventura could pay its counsel and the counsel for its employees. It is further requested that the government be instructed to cease and desist from such interfering conduct and that any monies obtained by Aventura in the form of accounts receivables from Trimble and other past customers be considered monies from which Aventura may fund its counsel of choice and the counsel of choice of Aventura's employees for whom it is obligated to defend.

**2. The FBI Receivables**: In another instance, during the period ending November, 2019, Aventura provided consulting services for the FBI's Federal Law Enforcement Training Center. None of these services included the sale of material or products or devices of any kind. The consulting services provided by Aventura generated substantial monies due Aventura, the balance of the contract was approximately $361,000.00 before it was canceled by the FBI. These funds were for consulting services untainted in any way and not subject to seizure or forfeiture under 18 U.S.C. § 981(a)(1)(C). The receivables due to Aventura from the government are being wrongfully withheld from Aventura. If received, it would provide Aventura with untainted funds with which to pay for counsel as is requested herein.

## CONCLUSION

Aventura has shown a right to a hearing on the return of untainted funds held by the government to be used for its legal defense. Additionally, it has shown it has a financial inability to pay for its legal expenses without the return of the seized funds and the tortious interference

by the government in Aventura's contracts and collection of accounts receivable. With this showing and its fulfillment of the "'minimal barrier' to contest the restraint of needed monies" (*Bonventre, supra*), the Defendant has met the requirement for a *Kaley* hearing.

                                                     RESPECTFULLY SUBMITTED,

                                                     AVENTURA TECHNOLOGIES, INC.,
                                                     Defendant
                                                        By its attorney Samuel M. Braverman
                                                       Fasulo Braverman & Di Maggio, LLP
                                                       225 Broadway, Suite 715
                                                       New York, New York 10007
                                                        Tel. 212-566-6213
                                                        SBraverman@FBDMLaw.com