UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,

      -against-

AVENTURA TECHNOLOGIES, INC., et al.,

                       Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-CR-0582 (DRH) (ARL)

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Hurley, is Defendant Aventura Technologies, Inc.'s ("Aventura" or "Defendant") motion pursuant to the Fifth and Sixth Amendments to the United States Constitution for an order releasing funds seized by the Government so that (1) Aventura can defend itself in the instant prosecution, and (2) Aventura can contribute to the defense expenses of its co-defendant corporate employees.  ECF No. 211.  The government opposes the motion.  ECF No. 217.  For the reasons set forth below, the undersigned recommends that Defendant's motion be denied.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history of this case and only includes those facts that are necessary for resolution the instant motion.

On November 7, 2019, a criminal complaint issued charging Defendant with unlawful importation, money laundering conspiracy, and two counts of conspiracy to commit wire and mail fraud.  ECF No. 1.  The complaint charges a conspiracy over a 14-year period of 2006-2019.  In the same complaint, seven individual corporate employees were charged with varying combinations of these offenses. The charges stemmed from Aventura's operation of an alleged

13-year scheme to defraud victims in the private and public sectors, both in the United States and abroad, by falsely claiming to sell American-made products and to be a woman-owned business. According to the Complaint, Aventura was controlled on paper by defendant Frances Cabasso but in fact was controlled by her husband, defendant Jack Cabasso. *Id*. at ¶¶ 4-5, 81-90. The Complaint alleges that the Cabassos used money from Aventura to pay their personal and legal expenses. *See* Complaint at ¶¶ 91-100. Concurrent with the issuance of the criminal complaint, the Government executed a series of seizure warrants for numerous bank accounts, including numerous accounts owned or controlled by Defendant Aventura.

On August 11, 2021, Aventura submitted a motion to District Judge Hurley seeking a hearing pursuant to *United States v. Monsanto*, 924 F.2d 1186, 1191 (2d Cir. 1991) ("Monsanto hearing") as to the probable cause for the government's seizure of its assets. Aventura asserts that the seized funds are needed both for its own defense and to "contribute to the defense expenses of its co-defendant corporate employees." ECF No. 211. By Order dated August 12, 2021, Judge Hurley referred the motion to the undersigned. The government responded to Defendant's motion by letter dated September 20, 2021, arguing that Defendant had failed to show that it lacked alternative assets with which to fund its defense and that its co-defendant corporate employees were not entitled to indemnification of defense expenses. ECF No. 217. Defendant submitted a reply memorandum in further support of the motion, attaching an affirmation of Samuel Braverman, on January 27, 2022. ECF No. 232. In its reply papers, Defendant took the position that three Supreme Court decisions decided in 2014, 2016, and 2017, superseded or overruled Second Circuit authority requiring a demonstration of need prior to a *Monsanto* hearing. *Id*. Additionally, Defendant argues that its co-defendant corporate employees were entitled to indemnification of defense expenses under Defendant's amended by-

laws. The government submitted a sur-reply on March 2, 2022, directing the Court's attention to recently decided cases continuing to require defendant to make of threshold showing of need before a *Monsanto* hearing can be conducted. ECF No. 241.

## DISCUSSION

The Defendant has the ability to request a hearing to determine what assets may be available to him, if any, for purposes of paying his counsel fees. *Monsanto*, 924 F.2d at 1191. A *Monsanto* hearing intends to "vindicate[] a defendant's Sixth Amendment right to counsel by testing in an adversary hearing whether seized assets are properly forfeitable in circumstances where the defendant has insufficient assets from which to fund his defense." *United States v. Cosine*, 796 F.3d 226, 232 (2d Cir. 2015) (citing *Monsanto*, 924 F.2d at 1203, abrogated in part on other grounds by *Kaley v. United States*, 571 U.S. 320, 134 S. Ct. 1090, 188 L. Ed. 2d 46 (2014)).

Here, Defendant seeks an evidentiary hearing to determine whether the government can sustain its burden of demonstrating that "probable cause exists to believe that the assets in dispute are traceable or otherwise sufficiently related to the crime charged in the [complaint]." *Kaley*, 134 S.Ct. at 1095. The government argues that Defendant is not automatically entitled to a hearing, but rather, because "the defendant's constitutional right to use his or her own funds to retain counsel of choice . . . is not implicated unless the restraint actually affects the defendant's right to choose counsel and present a defense." *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013). "[I]f a defendant has sufficient unrestrained assets with which to fund his or her defense," then no hearing is warranted. *Id*.

Indeed, "before the Court grants a request for a *Monsanto* hearing, the defendant 'must demonstrate, beyond the bare recitation of the claim, that he . . . has insufficient alternative assets

3

to fund counsel of choice' through a 'sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice.'" *United States v. Kolfage*, 537 F. Supp. 3d 559, 567 (S.D.N.Y. 2021) (citing *Bonventre*, 720 F.3d at 128, 131 (2d Cir. 2013)). "Defendant's burden is 'analogous to a defendant's burden under the Criminal Justice Act ('CJA') to show that he is unable to afford representation." *Id.* (citing *United States v. Daugerdas*, No. 09 Cr. 581, 2012 U.S. Dist. LEXIS 167631, 2012 WL 5835203, at *2 (S.D.N.Y. Nov. 7, 2012)). "'A person is financially unable to obtain counsel in the context of the CJA if his net financial resources and income are insufficient to enable him to obtain qualified counsel.'" *Daugerdas*, 2012 U.S. Dist. LEXIS 167631 at *6. "The burden, however, is modest. *Bonventre* requires that a defendant must go 'beyond the bare recitation of the claim[] that he or she has insufficient alternative assets to fund counsel of choice,' but that the standard should nonetheless be 'minimal.'" *United States v. Chierchio*, No. 20-CR-306 (NGG), 2022 U.S. Dist. LEXIS 37764, at *5 (E.D.N.Y. Mar. 3, 2022) (citing *Bonventre*, 720 F.3d at 128, 131). "The low threshold requirement ensures that a defendant's motion be not frivolous." *Id.*

Defendant argues that this requirement has been eliminated by the Supreme Court's decisions in *Kaley v. United States*, 571 U.S. 320 (2014), *Luis v. United States*, 578 U.S. 5 (2016), and *Honeycutt v. United States*, 137 S.Ct. 1626 (2017). The citied cases, however, do not directly address the Second Circuit's requirement of an evidentiary submission demonstrating the unavailability of alternative funds as required by *Bonventre*. Indeed, just recently in *United States v. Chierchio*, 2022 U.S. Dist. LEXIS 37764, Judge Garaufis noted that "[t]he Second Circuit has held that 'the Fifth and Sixth Amendments entitle a criminal defendant seeking to use restrained funds to hire counsel of choice to an adversarial, pre-trial hearing at which the court evaluates whether there is probable cause to believe . . . that the contested funds

4

are properly forfeitable.' To justify such a hearing, 'all a defendant need do . . . is to demonstrate that he or she does not have sufficient alternative assets to fund counsel of choice.'" *Id*. (citing *Bonventre*, 720 F.3d at 128, 131). *See also, e.g., Kolfage*, 537 F. Supp. 3d at 567 (S.D.N.Y. 2021) (before granting a request for a *Monsanto* hearing Defendant "must submit evidence that without modification of the Restraining Order 'his net financial resources and income are insufficient to enable him to obtain qualified counsel'"); *United States v. Lluberes*, No. 20-CR-493 (VSB), 2021 U.S. Dist. LEXIS 124366 (S.D.N.Y. July 2, 2021) (granting request for a *Monsanto* hearing where defendant's "supplemental submission meets the threshold showing required by *United States v. Bonventre*, 720 F.3d 126, 131-32 (2d Cir. 2013)"); *SEC v. Ahmed*, No. 15-CV-675 (JBA), 2016 WL 10568257, at *2 (D. Conn. Feb. 18, 2016) (declining to order hearing on unfreezing assets for use in criminal case until defendant provides "a sworn financial accounting confirming that he has no other available assets with which to pay defense counsel").

Here, Defendant has failed to satisfy even the minimal burden imposed by *Bonventre*. In support of its request for a *Monsanto* hearing Defendant submits only the unsworn statement of it counsel Samuel M. Braverman. This submission is insufficient to comply with *Bonventre* which requires disclosure of Defendant's net worth – including estimated income, a comprehensive list of all assets, an estimation of anticipated legal fees, and an explanation of how Defendant has been paying living expenses -- in this case operating expenses. *Bonventre*, 720 F.3d at 133; *see also FTC v. 4 Star Resolution, LLC*, No. 15-CV-112S, 2016 U.S. Dist. LEXIS 24484 (W.D.N.Y. Feb. 29, 2016) ("this requires a full accounting, and not simply general assertions that [defendant] 'does not have adequate assets with which to fund his criminal defense apart from' the frozen assets).

In addition, the government argues that because Defendant seeks the release of funds to

cover indemnified defense costs of Jack and Frances Cabasso, Defendant must also submit evidence disclosing the net worth of each of these defendants.[1] While the unsworn statement of counsel describes the aggregate balances of a bank account in the name of Defendant as well as a bank account in the name of Jack Cabassos, it does not indicate whether Defendant or Jack or Frances Cabassos have access to other accounts. *Id.* Nor does it spell out the net worth of either of the Cabassos. In light of the allegations in the complaint indicting that Aventura is nearly 100% owned by Frances Cabasso and that the Company was used to finance her personal expenditures, this Court agrees with the government's position that both of the Cabassos must be required to make the showing required by *Bonventre* before a Monsanto hearing is required.

Accordingly, it is respectfully recommended that Defendant's request for a *Monsanto* hearing be denied.

Dated: Central Islip, New York
　　　　March 10, 2022

　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] In its reply memorandum, Defendant points out that contrary to the government's assertion, the by-laws of Aventura, as amended on July 28, 2010, provide that Aventura shall provide for the legal fees of its employees. The government's sur-reply does not contest this assertion.